# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON SCOTT, *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>MOVEMENT MORTGAGE, LLC,<br><br>        Defendant. | Case No. 3:24-cv-00097-SLG |

### ORDER RE DEFENDANT'S MOTION TO COMPEL ARBITRATION

Before the Court at Docket 6 is Defendant Movement Mortgage, LLC's ("Movement") Motion to Compel Arbitration. Plaintiffs Aaron Scott and Tabitha Scott responded in opposition to the motion at Docket 9 to which Movement filed a reply at Docket 11. Oral argument was not requested and was not necessary to the Court's decision.

Upon due consideration, Movement's Motion to Compel Arbitration is **GRANTED**. This matter is **STAYED** while arbitration proceeds.

### BACKGROUND

In this diversity jurisdiction case, Plaintiffs assert state law claims against their former employer, Movement, a lender in the "mortgage loan origination industry."[1] In their Complaint, Plaintiffs allege that, in 2022, they agreed to join

---

[1] *See* Docket 1; Docket 6-1 at 1.

Movement to establish a new branch.[2] Plaintiffs further allege that, in late December 2022, Movement sent them contracts for signature.[3] They assert that Movement insisted that Plaintiffs immediately sign and return the contracts so that Movement could arrange for the two to attend a training scheduled for January 3, 2023 in Washington.[4] Plaintiffs contend that, when they informed Movement of errors and omissions in the contracts they received, Movement insisted that they nonetheless sign the contracts and that any issues would be remedied thereafter.[5]

On December 23, 2022 and January 4, 2023 respectively, Tabitha Scott and Aaron Scott each executed a Mutual Agreement to Arbitrate and a corresponding acknowledgement form.[6] These Mutual Agreements to Arbitrate specify that the parties would have a mutual duty to arbitrate.[7] They provide in relevant part:

> In consideration of the mutual benefits of voluntary arbitration as a dispute resolution mechanism, and other good and valuable consideration, you and the Company . . . agree to arbitrate any claims or controversies during or following your employment, whether or not they are in any way related to or associated with your employment or the termination of your employment with the Company (except for

---

[2] Docket 1 at ¶¶ 27–29.

[3] Docket 1 at ¶ 34.

[4] Docket 1 at ¶¶ 35–40.

[5] Docket 1 at ¶¶ 40–51.

[6] Docket 6-1 at 2; *see also* Docket 6-1 at 4–7 (Tabitha Scott's December 2022 Mutual Agreement to Arbitrate); Docket 6-1 at 8 (Tabitha Scott's December 2022 Acknowledgement of Execution of Mutual Agreement to Arbitrate); Docket 6-1 at 9–12 (Aaron Scott's January 2023 Mutual Agreement to Arbitrate); Docket 6-1 at 13 (Aaron Scott's January 2023 Acknowledgement of Execution of Mutual Agreement to Arbitrate).

[7] Docket 6-1 at 4 & 9.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 2 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 2 of 15

Excluded Claims, as defined in Section 4 below). This Agreement includes Claims . . . that the Company may have against you or that you may have against the Company. This Agreement affects your rights to a trial by a jury but does not require you to waive any rights that cannot be waived as a matter of law. You may wish to seek legal advice before signing this Agreement.

. . .

By signing this Agreement, the Parties agree that any arbitration shall be conducted before one neutral arbitrator selected by the Parties.[8]

In addition, the Mutual Agreements to Arbitrate specifically delineate the claims that they cover, "includ[ing], but . . . not limited to, all past, present, [and] future claims" for:

> [W]rongful termination; breach of any contract or covenant, express or implied (except for such claims related to breach of restrictive covenants or non-disclosure of confidential information obligations); breach of any duty owed to you by the Company or to the Company by you; improper use of Company property or equipment; personal, physical or emotional injury; fraud, misrepresentation, defamation, or any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment, including but not limited to discrimination or harassment based on race, sex, pregnancy, religion, national origin, ancestry, age, marital status, physical disability, mental disability, medical condition, genetic characteristics, gender expression, gender identity, or sexual orientation; retaliation; violation of any federal, state or other governmental constitution, statute, law, ordinance or regulation (as originally enacted and as amended), including but not limited to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans With Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Family and Medical Leave Act ("FMLA"), any other federal or state antidiscrimination, leave, or wage and hour law, regulation or order, and any claims which directly or indirectly relate to or arise out of this

---

[8] Docket 6-1 at 4 & 9.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 3 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 3 of 15

> Agreement, the termination or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, the employment relationship, or the relationship of Company and you.[9]

Under the agreements, "[a]ll claims . . . must be submitted on an individual basis" and the parties "expressly waive any right with respect to any covered Claims to submit, initiate, or participate in . . . a class action, collective action, or joint action, regardless of whether the action is filed in arbitration or in court."[10] At several points, capitalized and bold text also reiterates the terms of the parties' agreements.[11]

The agreements additionally include "opt out rights" and allows the parties 30 days to opt out of arbitration.[12] If a party does not provide notice of its choice to opt out within 30 days of signing the agreement, the agreement provides that it "will become fully effective and binding . . . ."[13]

Together with the Mutual Agreements to Arbitrate, each Plaintiff executed an Acknowledgement of Execution of Mutual Agreement to Arbitrate, in which they acknowledged, among other things, that they had read, understood, and signed the Mutual Agreement to Arbitrate, that they had a reasonable opportunity and

---

[9] Docket 6-1 at 4–5 & 9–10.

[10] Docket 6-1 at 5 & 10.

[11] *See* Docket 6-1 at 5, 7, 10, & 12.

[12] Docket 6-1 at 7 & 12.

[13] Docket 6-1 at 7 & 12.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 4 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 4 of 15

period of time to consider the terms and consult with an attorney, that no one placed undue pressure on them to sign the agreement, and that they had freely and voluntarily waived their rights to have claims decided by a judge and/or jury or to participate in a collective proceeding.[14]

Plaintiffs allege that, after they attended the training and began to operate their branch, Movement failed to provide timely and accurate reports that were necessary for the branch's operations.[15] Furthermore, they assert that Movement failed to pay Tabitha commissions that she had been assured she would receive at the time of her hire.[16] Ultimately, Plaintiffs filed this lawsuit, alleging that Movement had undermined Plaintiffs' new branch and asserting causes of action for (1) breach of contract, (2) breach of the implied covenant of fair dealing, (3) intentional interference with a contractual relationship, (4) intentional interference with a prospective economic advantage, (5) negligent misrepresentation, (6) fraudulent misrepresentation, (7) undue influence, and (8) economic duress.[17]

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that any written agreement "to settle by arbitration a controversy thereafter . . . shall be valid, irrevocable, and

---

[14] Docket 6-1 at 8 & 13.

[15] Docket 1 at ¶¶ 58–85.

[16] Docket 1 at ¶¶ 86–100.

[17] *See* Docket 1 at ¶¶ 156–302.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 5 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 5 of 15

enforceable . . . ."[18] Pursuant to the FAA, a party "aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."[19] The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."[20] "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[21]

Under the FAA's procedural framework, "[i]f the making of the arbitration agreement. . . be in issue, the court shall proceed summarily to the trial thereof."[22] "In applying this language, district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure."[23] "As a result, 'a court is not authorized to dispose of a motion to compel arbitration until after [material] factual disputes have been resolved.'"[24]

---

[18] 9 U.S.C. § 2.

[19] 9 U.S.C. § 4.

[20] *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

[21] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[22] 9 U.S.C. § 4.

[23] *Hansen v. LMB Mortg. Serv., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

[24] *Knapke v. PeopleConnect, Inc*, 38 F.4th 824, 831 (9th Cir. 2022) (quoting *id.* at 671) (alterations in original); *see also Mayes v. Int'l Markets Live*, No. 2:22-CV-01269-TL, 2023 WL 7212555, at *2

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 6 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 6 of 15

## DISCUSSION

Movement asks the Court to compel Plaintiffs to arbitrate their claims on an individual basis and seeks a stay of this action while arbitration proceedings are pending.[25] Plaintiffs insist that arbitration is not required because their contracts with Movement are invalid.[26]

The Court's analysis proceeds in two steps: it must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[27]

### I. Plaintiffs Fail to Support the Factual Contentions in their Oppositions

The Ninth Circuit has instructed that the summary judgment standard applies to a motion to compel arbitration because the motion "is in effect a summary disposition of the issue of whether or not there had been a meeting of the minds on the agreement to arbitrate."[28] Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no

---

(W.D. Wash. Nov. 2, 2023) (noting courts may consider evidence outside the pleadings).

[25] Docket 6 at 1–2.

[26] *See* Docket 7; *see also* Docket 9. Aaron Scott and Tabitha Scott each filed separate but identical oppositions at Dockets 7 and 9. For ease of reference, the Court will refer to the opposition filed at Docket 7. Additionally, in its Reply, Movement points out that Plaintiffs filed overlength oppositions without seeking leave as the Local Civil Rules require. Docket 11 at 1. Although Plaintiffs' oppositions do not comply with Local Civil Rule 7.4(a)(1), they are accepted as filed.

[27] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[28] *Hansen v. LMB Mortg. Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 7 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 7 of 15

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[29] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[30] A party cannot "defeat summary judgment with allegations in [an unverified] complaint, or with unsupported conjecture or conclusory statements."[31]

As part of their oppositions to Movement's motion, Plaintiffs filed two unsigned affidavits in which they simply state that "[t]he facts contained in the *Opposition to the Motion to Compel Arbitration* are true and correct to the best of my knowledge" and that "[i]f called to testify, I would do so accordingly."[32] "An affidavit or declaration used to . . . oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[33] Plaintiffs' unsigned affidavits wholly fail to meet this standard.

---

[29] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[30] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[31] *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). The complaint in this case is unverified by the Scotts and only signed by their attorney. Therefore, it cannot be relied on to defeat summary judgment. *See Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) (internal quotations and citations omitted) ("A verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is based on personal knowledge and sets forth specific facts admissible in evidence.").

[32] Docket 7 at 38; Docket 9 at 38.

[33] Fed. R. Civ. P. 56(c)(4).

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 8 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 8 of 15

They lack any detail and therefore do not demonstrate personal knowledge, "set out facts that would be admissible in evidence," or show that each Plaintiff is competent to testify to each of the facts asserted in their lengthy Oppositions. Accordingly, the Court cannot consider the factual allegations Plaintiffs assert in their opposition and that they purport to support with their unsigned affidavits.[34]

## II. Valid Agreements to Arbitrate Exist

Movement contends that the Mutual Agreements to Arbitrate each plaintiff executed are valid agreements to arbitrate.[35] Plaintiffs dispute that the agreements are valid and assert that Plaintiffs' contracts with Movement are unenforceable for at least six reasons.[36]

The FAA provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. . . ."[37] "To determine whether the parties formed an agreement to arbitrate, courts 'apply ordinary state-law principles that govern the formation of contracts.'"[38] Therefore, arbitration agreements "may be

---

[34] That Plaintiffs' affidavits are unsigned supplies an additional reason that the Court may not consider the factual allegations they purport to support. *See* Fed. R. Civ. P. 56(e); *Canada v. Blain's Helicopters Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) ("It is well settled that unauthenticated documents cannot be considered on a motion for summary judgment."). Although counsel filed a notice of filing of unsigned affidavits on June 3, 2024, they have not since provided signed affidavits.

[35] Docket 6 at 7–8.

[36] Docket 7 at 12–33.

[37] 9 U.S.C. § 2.

[38] *Int'l Bhd. of Teamsters v. NASA Services, Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) (quoting

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 9 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 9 of 15

invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability."[39]

Valid agreements to arbitrate exist in this case. "The formation of a valid contract under Alaska law requires 'an offer encompassing all essential terms, unequivocal acceptance by the offeree, consideration, and an intent to be bound.'"[40] The Mutual Agreements to Arbitrate between each Plaintiff and Movement are themselves evidence of validity. The agreements demonstrate an offer and each Plaintiff's signature demonstrates acceptance and the intent to be bound.[41] Moreover, Plaintiffs separately acknowledged in writing that they had read, understood, and signed the Mutual Agreements to Arbitrate and that they understood their terms.[42] And the exchanges of the mutual promise to arbitrate claims in the agreements constitute consideration.[43]

---

*First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

[39] *AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339–41 (2011).

[40] *Werner v. Holland Am. Line, Inc.*, Case No. 1:18-cv-00018-TMB, 2019 WL 4169856, at *5 (D. Alaska Sept. 3, 2019) (quoting *Sea Hawk Seafoods, Inc. v. City of Valdez*, 282 P.3d 359, 364 (Alaska 2012)).

[41] *See Kingik v. State, Dep't of Admin., Div. of Ret. & Benefits*, 239 P.3d 1243, 1251 (Alaska 2010) (noting a "signature was an objective manifestation of intent sufficient to create an enforceable contract").

[42] Docket 6-1 at 8 & 13.

[43] *See* Restatement (Second) of Contracts § 71 (1981) (noting that a return promise can constitute consideration); *see also Cir. City Stores, Inc. v. Najd*, 294 F.3d 1104, 1108 (9th Cir. 2002) (concluding that under materially similar contract law in California that a "promise to be bound by the arbitration process itself serves as adequate consideration").

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 10 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 10 of 15

Although Plaintiffs assert numerous defenses to the validity of the contracts with Movement, there is no evidence that either of the Mutual Agreements to Arbitrate agreement is invalid. Plaintiffs contend that they were induced to sign the contracts by misrepresentation,[44] that Movement exercised undue influence to cause Plaintiffs to sign the contracts,[45] that Plaintiffs accepted the terms of the contracts under duress,[46] that the contracts are procedurally and substantively unconscionable,[47] that there was unilateral mistake with respect to a contract term,[48] and that certain terms are illegal.[49] All but one of these arguments are contingent on factual assertions regarding the events surrounding the formation of the contracts between Plaintiffs and Movement. But, as discussed above, Plaintiffs have failed to adduce any admissible evidence to support the factual assertions they make in their oppositions. As such, they have failed to carry their burden to produce "specific facts showing that there is a genuine issue" with respect to the validity of the contracts on the grounds of fraud in the inducement, undue influence, duress, unilateral mistake, or unconscionability.[50] Even Plaintiffs' arguments with

---

[44] Docket 7 at 12–17.

[45] Docket 7 at 18–21.

[46] Docket 7 at 21–24.

[47] Docket 7 at 24–28.

[48] Docket 7 at 28–30.

[49] Docket 7 at 30–33.

[50] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 11 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 11 of 15

respect to unconscionability, which usually may be analyzed by looking to the terms of a contract, depend on the circumstances when Plaintiffs signed their contracts with Movement, which are not in the record.[51]

Similarly, the record does not support Plaintiffs' arguments that the terms of their contracts were illegal. Plaintiffs attack the contracts as illegal because they contemplate paying loan originators in ways that allegedly violate federal law.[52] But the record does not include any contract with the terms Plaintiffs identify. As a result, Plaintiffs have not demonstrated a genuine issue with respect to the validity of the Mutual Agreements to Arbitrate. Accordingly, the Court concludes a valid arbitration agreement exists between each Plaintiff and Movement.

### III. The Parties' Arbitration Agreements Encompass the Disputes at Issue in this Case

Having found valid agreements to arbitrate exist, the Court proceeds to the second step of its analysis: "whether the agreement[s] encompass[] the dispute at issue."[53] Movement maintains that the "plain terms" of the Mutual Agreements to Arbitrate encompass Plaintiffs' claims.[54] Plaintiffs do not address this issue.[55]

---

[51] *See* Docket 7 at 24–28 (asserting that the contracts were unconscionable because they deviated from prior agreements and omitted previously agreed-upon terms to tilt the contractual relationship in favor of Movement).

[52] Docket 7 at 30–33.

[53] *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[54] Docket 6 at 9.

[55] *See* Docket 7.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 12 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 12 of 15

The Mutual Agreements to Arbitrate expressly encompass Plaintiffs' claims in this matter. In their Complaint, Plaintiffs assert state law causes of action in tort and contract: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) intentional interference with a contractual relationship, (4) intentional interference with a prospective economic advantage, (5) negligent misrepresentation, (6) fraudulent misrepresentation, (7) undue influence, and (8) economic duress.[56] The Mutual Agreements to Arbitrate explicitly encompass each of these claims as they provide that they cover "all past, present, [and] future claims" for:

> [B]reach of any contract or covenant, express or implied (except for such claims related to breach of restrictive covenants or non-disclosure of confidential information obligations); breach of any duty owed to you by the Company or to the Company by you; improper use of Company property or equipment; personal, physical or emotional injury; fraud, misrepresentation, defamation, or any other tort claims . . . .[57]

Therefore, both agreements encompass the disputes at issue and the Court must compel arbitration.

---

[56] *See* Docket 1 at ¶¶ 156–302.

[57] Docket 6-1 at 4 & 9.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 13 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 13 of 15

## IV. A Stay Is Mandatory

Finally, Movement seeks a stay and requests that the Court administratively close the case while arbitration proceedings are pending.[58] Plaintiffs do not discuss the propriety of a stay or administrative closure.[59]

The FAA mandates that courts, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."[60] Simply put, "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding."[61] Furthermore, a court has discretion to administratively close a case as part of its inherent authority "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[62] "Administrative closure allows a court to shelve pending, but dormant,

---

[58] Docket 6 at 9.

[59] *See* Docket 7.

[60] 9 U.S.C. § 3.

[61] *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

[62] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022) ("Courts also have used their inherent power to manage their docket to administratively close cases. . . .").

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 14 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 14 of 15

cases without a final adjudication."[63]  And courts in this Circuit routinely administratively close cases pending arbitration.[64]

Here, a stay is mandatory under § 3 of the FAA as the Court has determined that the claims in this matter are subject to arbitration under the parties' valid Mutual Agreements to Arbitrate.  Accordingly, the Court will enter a stay and administratively close this case.

## CONCLUSION

For the foregoing reasons, Movement's Motion to Compel Arbitration at Docket 6 is **GRANTED**.  The Court orders that each Plaintiff submit their dispute to arbitration in accordance with the terms of the Mutual Agreement to Arbitration.  Additionally, the parties shall file a joint status report with the Court **six months from the date of this order or sooner if significant events occur**.

This matter is **STAYED**.  The Clerk of Court is instructed to administratively close this case unless and until the Court orders it reopened.

DATED this 7th day of August 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[63] *Sarkar v. Garland*, 39 F.4th 611, 618 (9th Cir. 2022) (internal quotations and citations omitted).

[64] *See, e.g., Sayta v. Martin*, Case No. 16-CV-03775-LB, 2017 WL 491161, at *5 (N.D. Cal. Feb. 7, 2017); *Dist. Council 16 Int'l Union of Painters & Allied Trades v. LML Enterprises, Inc.*, Case No. C 13-565 SI, 2013 WL 3802903, at *1 (N.D. Cal. July 18, 2013); *Guzman v. MGK Mech. Servs., Inc.*, Case No. 209CV00467RLHGWF, 2009 WL 10693636, at *3 (D. Nev. June 29, 2009).

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Defendant's Motion to Compel Arbitration
Page 15 of 15
Case 3:24-cv-00097-SLG   Document 12   Filed 08/07/24   Page 15 of 15