# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| AARON SCOTT, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>MOVEMENT MORTGAGE, LLC,<br><br>        Defendant. | Case No. 3:24-cv-00097-SLG |

## ORDER RE PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court at Docket 13 is Plaintiffs Aaron and Tabitha Scott's Motion for Reconsideration.[1] The Court did not request a response from Defendant Movement Mortgage, LLC's ("Movement").

Local Civil Rule 7.3(h)(1) provides that a court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."

Plaintiffs assert that the Court erred in its order compelling arbitration because "no extrinsic evidence of an agreement to arbitrate was ever presented."[2]

---

[1] Although the motion is styled as a motion for relief from judgment under Fed. R. Civ. P. 60(b), the Court has not entered judgment in this case. Accordingly, the Court construes the motion as a motion for reconsideration of its Order re Defendant's Motion to Compel Arbitration at Docket 12 pursuant to Local Civil Rule 7.3(h).

[2] Docket 12 at 2.

They further contend that the Court "erred in its application of Alaska [l]aw" by not relying on affidavits due to their "short form."[3] And they maintain the Court based its decision in part on a clerical error—that counsel inadvertently submitted unsigned affidavits.[4]

Reconsideration is not warranted as Plaintiffs have not shown a manifest error of law or fact. First, the Court did not err in relying on agreements that were not presented to the Court. Rather, the Court relied on Plaintiffs' Mutual Agreements to Arbitrate with Movement as well as their Acknowledgements of Execution of Mutual Agreement to Arbitrate, which Movement filed as exhibits and authenticated.[5]

Second, the Court did not err in the application of Alaska law because it properly applied the federal standard for reviewing a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"). Even when a federal court's jurisdiction is based on diversity, federal law governs motions to compel arbitration under the FAA.[6] And with respect to the necessary requirements to oppose a

---

[3] Docket 13 at 4.

[4] Docket 13 at 3–4.

[5] Docket 12 at 2 (first citing Docket 6-1 at 2, then citing Docket 6-1 at 4–7 (Tabitha Scott's December 2022 Mutual Agreement to Arbitrate), then citing Docket 6-1 at 8 (Tabitha Scott's December 2022 Acknowledgement of Execution of Mutual Agreement to Arbitrate), then citing Docket 6-1 at 9–12 (Aaron Scott's January 2023 Mutual Agreement to Arbitrate), and then citing Docket 6-1 at 13 (Aaron Scott's January 2023 Acknowledgement of Execution of Mutual Agreement to Arbitrate)); *see also* Docket 6-1 at 1–2 (declaration of Kim Villarreal authenticating the agreements).

[6] *E.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404–06 (1967); *Southland Corp. v. Keating*, 465 U.S. 1, 11–13 (1984); *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Plaintiffs' Motion for Reconsideration
Page 2 of 4
Case 3:24-cv-00097-SLG   Document 14   Filed 08/22/24   Page 2 of 4

motion to compel arbitration, Alaska law is inapplicable on this topic in federal court. Rather, the Court applies the standard set forth in Federal Rule of Civil Procedure 56.[7]

Third, as the Court's order explained, it was not merely the length or form of the affidavits that made them insufficient.[8] Rather, they lacked any detail that that "set out facts that would be admissible in evidence," confirmed they were "made on personal knowledge," and "show[ed] that the affiant or declarant is competent to testify on the matters stated," as the law requires.[9] The affidavits seek to incorporate the entirety of Plaintiffs' oppositions by reference and make no attempt to specifically set out facts, explain how the affiant has personal knowledge of those facts, and demonstrate the affiant's competency.

Finally, although the Court remarked in a footnote that the fact that the affidavits were unsigned "supplies an additional reason that the Court may not consider the factual allegations they purport to support," it did not elevate form over

---

U.S. 265, 271 (1995) (citing *Prima Paint*, 388 U.S. at 405) (explaining "the Act applied in diversity cases because Congress had so intended. . . .").

[7] *Hansen v. LMB Mortg. Serv., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021) (explaining that "district courts rely on the summary judgment standard of Rule 56 of the Federal Rules of Civil Procedure" pursuant to the FAA's procedural framework); *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.").

[8] Docket 12 at 8–9.

[9] Docket 12 at 8–9 (citing Fed. R. Civ. P. 56(c)(4)).

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Plaintiffs' Motion for Reconsideration
Page 3 of 4
Case 3:24-cv-00097-SLG   Document 14   Filed 08/22/24   Page 3 of 4

substance and rely solely on this reasoning.[10]

Accordingly, Plaintiffs' motion is **DENIED**.

DATED this 22nd day of August, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[10] Docket 12 at 9 n.34.

Case No. 3:24-cv-00097-SLG, *Scott, et al. v. Movement Mortgage, LLC*
Order re Plaintiffs' Motion for Reconsideration
Page 4 of 4
Case 3:24-cv-00097-SLG   Document 14   Filed 08/22/24   Page 4 of 4